[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
November 29, 2005
**THOMAS K. KAHN**
**CLERK**

No. 05-12150
Non-Argument Calendar

_____

D. C. Docket No. 04-00438-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INOCENCION SEBASTIAN CUERO-ANGULO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 29, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Inocencion Sebastian Cuero-Angulo appeals his sentences for possession

with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States. 21 U.S.C. § 960(b)(1)(B); 46 App. U.S.C. § 1903(a),(g). Cuero-Angulo argues that (1) the district clearly erred in denying him a minor-role reduction under section 3B1.2(b) of the United States Sentencing Guidelines and (2) the district court erred by failing to consider factors under section 3553(a) of Title 18 of the United States Code to determine his sentence. We affirm.

## I. BACKGROUND

Cuero-Angulo was a cook on a fishing boat sailing from Colombia. The U.S. Coast Guard intercepted the fishing boat and discovered 12,000 kilograms (approximately 30,000 pounds) of cocaine hidden in an empty fuel tank. Cuero-Angulo pleaded guilty to one count of possession with intent to distribute cocaine and one count of conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. 21 U.S.C. § 960(b)(1)(B); 46 App. U.S.C. § 1903(a),(g). The Pre-Sentence Investigation Report recommended that the district court set Cuero-Angulo's total offense level at 33 without a minor-role reduction. With a Category I criminal history, the PSI calculated a guideline range of 135 to 168 months of imprisonment.

At the sentencing hearing, Cuero-Angulo argued that he was entitled to a

minor-role reduction under section 3B1.2 of the Sentencing Guidelines. He also presented evidence of his fourth-grade level education and letters from Columbians who attested to his good moral character. The district court overruled Cuero-Angulo's objection to the denial of a minor-role reduction because "this has been the largest cocaine interdiction in history" and the quantity of cocaine showed the defendants were a "trusted crew that has been used before." After the district court "considered the advisory guidelines and the factors contained in 18 U.S.C.[] Section 3553," it adopted the findings of the PSI and sentenced Cuero-Angulo to 135 months of imprisonment.

## II. STANDARD OF REVIEW

We review the denial of a minor-role reduction under section 3B1.2 of the Sentencing Guidelines for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). Because Cuero-Angulo did not object to the application of section 3553(a) at the sentencing hearing, we review his argument about his sentence for "plain error." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

## III. DISCUSSION

Cuero-Angulo makes two arguments on appeal. First, he argues that the district court clearly erred when it denied him a minor-role reduction. Second,

3

Cuero-Angulo argues that the district court erroneously failed to consider the factors in section 3553(a) of Title 18 of the United States Code when it sentenced him.   Both arguments fail.

*A. The District Court Did Not Clearly Err in Denying a Minor-Role Reduction.*

Cuero-Angulo argues that the district court erroneously relied on the quantity of drugs to deny him a minor-role reduction.  Section 3B1.2 of the Sentencing Guidelines provides a sentence reduction for defendants who are "less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt n.5.  To receive a minor-role reduction, the defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence."  De Varon, 175 F.3d at 939; see U.S.S.G. § 3B1.2.  A district court (1) "must measure the defendant's role against the relevant conduct for which []he has been held accountable" and (2) may consider the defendant's "role as compared to that of other participants."  Id. at 940.  Other factors the district court may consider include the "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in distribution."  Id. at 945.  In "extreme cases," the quantity of drugs alone may be dispositive.  Id. at 943.

Cuero-Angulo's argument fails.  Cuero-Angulo failed to prove that he was

4

held accountable for more than his role in the offense because he pleaded guilty to, and was held accountable for, possessing 12,000 kilograms of cocaine. See id. at 941 ("[A] defendant must prove that she played a minor role in the relevant conduct attributed to her."). He also failed to prove that his conduct was less culpable than his co-defendants. The district court also did not clearly err even if it had relied solely on the quantity of drugs to deny Cuero-Angulo a minor-role reduction because this was an "extreme case." See id. at 943. The district court did not clearly err when it denied Cuero-Angulo a minor-role reduction.

*B. The District Court Did Not Fail to Consider Section 3553(a) Factors*

Cuero-Angulo contends that he was sentenced in violation of United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005), on the ground that the district court applied the Sentencing Guidelines as mandatory and failed to consider the statutory sentencing factors. 18 U.S.C. § 3553(a). Under section 3553(a), a district court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (4) the need to protect the public, and (5) the guideline range. Id. The district court, however, need not "state on the record that it has explicitly considered each of the § 3553(a) factors or [] discuss each of the §

5

3553(a) factors." <u>United States v. Scott</u>, No. 05-11843 (11th Cir. Sept. 27, 2005).

The statements of the district court and the course of the proceedings belie Cuero-Angulo's assertion that the district court applied the Sentencing Guidelines as mandatory and failed to consider the factors in section 3553(a). <u>See</u> <u>id.</u> (concluding that when a district court stated it had considered "all the obvious things that you would normally take in consideration," the district court had considered factors under section 3553(a)). When the district court sentenced Cuero-Angulo, it explicitly stated that it had "considered the advisory guidelines and the factors contained in 18 U.S.C.[] Section 3553." The district court also heard evidence of Cuero-Angulo's lack of education, vocational level, character in his native country, and lack of criminal history. The district court did not err.

## IV. CONCLUSION

Cuero-Angulo's sentence is affirmed.

**AFFIRMED.**